DUANE MORRIS LLP
By:   Suzan Jo
      Anthony J. Costantini
      Kevin P. Potere
1540 Broadway
New York, NY 10036-4086
Telephone: +1 212 692 1000
Fax: +1 212 692 1020
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PROCELLA HOLDINGS, L.P.,

        Plaintiff,

        v.

THE REPUBLIC OF ARGENTINA,

        Defendant.

1:15-cv-03932 (TPG)

---

### REPLY MEMORANDUM OF LAW IN FURTHER
### SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff Procella Holdings, L.P. ("Procella" or "Plaintiff") respectfully submits this reply memorandum of law in further support of its motion for partial summary judgment.

### ARGUMENT

**I.   PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT**

In opposing Plaintiff's motion for partial summary judgment, Defendant Republic of Argentina ("Argentina") relies primarily upon those arguments set forth in its Memorandum of Law in Opposition to Motions for 526 Plaintiffs in 37 Actions Seeking Partial Summary Judgment, *NML Capital, Ltd. v. Republic of Argentina*, No. 14-cv-8601 (TPG) (S.D.N.Y. Mar. 17, 2015), ECF No. 15, which has already been considered and *rejected* by this Court. *See*

Opinion and Order, *NML Capital, Ltd. v. Republic of Argentina*, No. 14-cv-8601 (TPG) (S.D.N.Y. June 5, 2015), ECF No. 20. (Memorandum of Law of the Republic of Argentina in Opposition to Plaintiff's "Me Too" Motions for Partial Summary Judgment, dated October 1, 2015 ("Opp. Br.") at 2, ECF. No. 15). Thus, Argentina is collaterally estopped from making the arguments it makes herein. *See Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002) (collateral estoppel "operate[s] to prevent parties from contesting matters that they have had a full and fair opportunity to litigate, thereby conserving judicial resources and protecting parties from the expense and vexation of multiple lawsuits.").

In further support of its motion for partial summary judgment and in response to Defendant's opposition brief adopting its previous arguments, Plaintiff incorporates the arguments set forth in Section I of the Reply Memorandum of Law in Further Support of the Motion by NML Capital, Ltd. for Partial Summary Judgment, *NML Capital, Ltd. v. Republic of Argentina,* 14-cv-8601 (TPG) (S.D.N.Y. April 7, 2015), ECF No. 16, and all declarations submitted in support of the motion, as well as the arguments set forth in the Reply Memorandum of Law in Further Support of Plaintiff's Motion for Partial Summary Judgment, *Honero Fund I, LLC v. Republic of Argentina*, No. 15-cv-1553 (TPG) (S.D.N.Y. Apr. 7, 2015), ECF No. 14.

## II.  PLAINTIFF HAS ADEQUATELY PROVEN OWNERSHIP OF THE 1994 FAA BONDS

Argentina argues that Procella's motion for partial summary judgment must be denied because "Plaintiff has submitted no evidence of current bond ownership; unsupported statements in a lawyer's declaration that plaintiff owns the bonds ... are plainly insufficient to establish ownership under the Rules of Evidence and the procedures established by this Court." (Opp. Br. at 2-3). Yet, in support of its motion, Procella specifically referenced the holding statement attached as Exhibit D to the Complaint dated May 21, 2015, which clearly establishes proof of

ownership. *See* Declaration of Suzan Jo in Support of Motion for Partial Summary Judgment dated September 14, 2015, ¶ 4 (ECF No. 8).

Regardless, Plaintiff further submits a Custody Holding statement dated September 15, 2015, which lists all of Procella's 1994 FAA bond holdings, including those listed in the Complaint. *See* Reply Declaration of Suzan Jo in Further Support of Motion for Partial Summary Judgment, dated October 9, 2015, Exh. A; *see also* Fed R. Civ. P. 56(e)(1)(court may "give [ ] an opportunity to properly support or address the fact" challenged by opposing party). Procella respectfully requests that the Court find Procella's numerous account statements to be sufficient proof of ownership of the 1994 FAA bonds listed in Procella's complaint.

## CONCLUSION

Based on the forgoing, the Court should grant Plaintiff's motion for partial summary judgment as to Argentina's violations of the Pari Passu Clause. The remedy for Argentina's violations should be determined in subsequent proceedings.

Dated: New York, New York
October 9, 2015

**DUANE MORRIS LLP**

By: /s/ Suzan Jo
Suzan Jo
E-mail: sjo@duanemorris.com
Anthony J. Costantini
E-mail: ajcostantini@duanemorris.com
Kevin P. Potere
Email: kppotere@duanemorris.com
1540 Broadway
New York, NY 10036-4086
Telephone: +1 212 692 1000
Facsimile: +1 212 692 1020

*Attorneys for Plaintiff Procella Holdings, L.P.*